FILED M HL

OCT 2 2 2008    NF.

Oct 22, 2008

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TODD WUERDEMAN,                              )
                                             )
            Plaintiff,                       )
                                             )
      -vs-                                   )      08CV6043
                                             )      JUDGE KENNELLY
ILLINOIS CENTRAL RAILROAD COMPANY            )      MAGISTRATE JUDGE ASHMAN
d/b/a CANADIAN NATIONAL/ILLINOIS             )
CENTRAL, a corporation.                      )
                                             )
            Defendants.                      )

## COMPLAINT

The plaintiff, TODD WUERDEMAN, by his attorneys, Robert E. Harrington, Jr.,

Patrick J. Harrington and Daniel W. Pisani, of HARRINGTON, THOMPSON, ACKER &

HARRINGTON, LTD., complaining of defendant, ILLINOIS CENTRAL RAILROAD COMPANY

d/b/a CANADIAN NATIONAL/ILLINOIS CENTRAL, a corporation hereinafter "CNIC",

states as follows:

1.      Plaintiff TODD WUERDEMAN is a citizen and resident of the State of Ohio.

His address is 300 Susanna Way, New Richmond, Ohio.

2.      Defendant CNIC is an Illinois Corporation with its principal place of business

located in Chicago, Illinois.

3.      Defendant CNIC is a corporation doing business within the jurisdiction of this

Court and is subject to service of process and to the jurisdiction of this Court.

4.      The amount in controversy between the parties exceeds the sum of

$75,000.00, exclusive of interest and costs.

5.      Subject matter jurisdiction for the cause of action alleged herein is based on

28 U.S.C. § 1332.

6.      Venue of this action in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a).

7.      This cause arises out of an accident and injuries sustained therein to plaintiff TODD WUERDEMAN on October 24, 2007 at Queensgate Yard in Cincinnati, Ohio.

8.      At said time and place, plaintiff TODD WUERDEMAN was employed as a conductor for CSX TRANSPORTATION and was assigned to yard job Y29524.  Plaintiff was performing his employment duties when hydrochloric acid, or some other hazardous material, was released from railcar GATX 63223.  As a result of this release, the plaintiff was caused to be injured.

9.      Prior to the above described incident of October 24, 2007, Defendant CNIC, had possession and control of railcar GATX 63223.

10.      Prior to the above described incident of October 24, 2007, Defendant CNIC accepted railcar GATX 63223 for transportation.

11.      Prior to the above described incident of October 24, 2007, Defendant CNIC placed railcar GATX 63223 in a train.

12.      Prior to the above described incident of October 24, 2007, Defendant CNIC transported railcar GATX 63223 on its line.

13.      Prior to the above described incident of October 24, 2007, Defendant CNIC delivered railcar GATX 63223 to CSXT.

14.      It was Defendant CNIC's duty to plaintiff to exercise ordinary care in its operations; to properly inspect and maintain the railcars it accepted for transportation; to properly inspect and maintain the railcars it placed in trains and transported on its line; and

it was defendant's absolute duty to comply with the Code of Federal Regulations 49 C.F.R

Part 173 - Shippers- General Requirements for Shipments and Packagings and 49 C.F.R

Part 174 - Carriage by Rail.

15.    Defendant CNIC, notwithstanding its duties to plaintiff, was careless and

negligent in one or more of the following particulars and thereby proximately caused

injuries to plaintiff:

a.    In failing to exercise ordinary care to use reasonably safe procedures in its operations;

b.    In failing to inspect, maintain and repair the railcars it accepted for transportation;

c.    In failing to inspect, maintain and repair the railcars it placed in its trains;

d.    In failing to inspect, maintain and repair railcars it transported on its lines;

e.    In failing to properly and adequately inspect railcar GATX 63223 when proper inspection would have disclosed that the contents of said car were being permitted to leak or splash out;

f.    In failing to have given notice and warnings of the leaking or splashing of hazardous materials from railcar GATX 63223;

g.    In failing to take the necessary remedial measures to ensure compliance with 49 C.F.R. Subchapter C, Part 173, Shippers - General Requirements For Shipment and Packagings;

h.    In failing to comply with 49 C.F.R. 174.1;

i.    In failing to comply with 49 C.F.R. 174.3;

j.    In failing to comply with 49 C.F.R. 174.5;

k.    In failing to comply with 49 C.F.R. 174.9;

l.    In failing to comply with 49 C.F.R. 174.16;

m.    In failing to comply with 49 C.F.R. 174.20;

16.    Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant, CNIC.

WHEREFORE, plaintiff TODD WUERDEMAN prays for judgment of damages against defendant CNIC in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
Attorneys for Plaintiff


Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker, Third Floor
Chicago, Illinois  60606
(312) 332-8811
(312)332-2027 Fax