IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD WUERDEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 CV 6043 |
| ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY ) | |
| d/b/a CANADIAN NATIONAL/ILLINOIS ) | |
| CENTRAL, a corporation, ) | |
| ) | |
| Defendant. ) | |
| | |
| ILLINOIS CENTRAL RAILROAD COMPANY ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CSX TRANSPORTATION, INC., a corporation, ) | |
| And BASIC CHEMICAL SOLUTIONS, LLC, ) | |
| a limited liability company, ) | |
| ) | |
| Third-Party Defendants. ) | |

### THIRD-PARTY COMPLAINT

NOW COMES Third-Party Plainitiff, ILLINOIS CENTRAL RAILROAD COMPANY, by and through its attorneys, Colleen Konicek and FLETCHER & SIPPEL LLC, and for its Third-Party Complaint against CSX TRANSPORTAION, INC., a corporation, and BASIC CHEMICAL SOLUTIONS, LLC, a limited liability company, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  The defendants named in this cause are joined under authority of Federal Rule of Civil Procedure 20(a)(1)(A), asserting against them jointly, severally, or, in the alternative, a

right to relief in respect of and arising out of the same occurrence which involves questions of law and fact common to all named defendants.

2. Jurisdiction is proper in this matter pursuant to 45 U.S.C. §56 and 28 U.S.C. §§ 1331, 1332 and § 1367.

3. Venue is proper in this matter pursuant to 28 U.S.C. § 1391.

4. Defendant, CSX Transportation, Inc., (CSXT), is a corporation engaged in operating a railroad common carrier engaged in interstate commerce between various states of the United States, including the Northern District of Illinois, and is subject to service of process and to jurisdiction of this Court.

5. Defendant, Basic Chemical Solutions, LLC, (Basic), is a limited liability company incorporated in the State of California.

6. Illinois Central Railroad Company (ICR) is an Illinois Corporation with its principal place of business located in Chicago, Illinois.

7. Plaintiff, Todd Wuerdeman, (Plaintiff), has filed an action against ICR alleging that he was injured on October 24, 2007 at Queensgate Yard in Cincinnati, OH.

## COUNT I
### (Contribution Against CSX Transportation, Inc.)

1-7. ICR repeats and realleges paragraphs 1 through 7 as paragraph 1-7 of Count I as though fully set forth herein.

8. On said date, Plaintiff was employed as a conductor for CSXT and was assigned to yard job Y29524. Plaintiff was performing his employment duties when hydrochloric acid, or some other hazardous material, was released from railcar GATX 63223. As a result of this release, the plaintiff alleges injury.

9. ICR received railcar GATX 63223 from Basic in Geismar, LA on October 19, 2007.

10. ICR moved railcar GATX 63223 from Geismar, LA to Memphis, TN.

11. Railcar GATX 63223 was interchanged to CSXT in Memphis, TN on October 21, 2007.

12. CSXT received the railcar GATX 63223 from ICR on said date and moved railcar GATX 63223 from Memphis, TN to Cincinnati, OH.

13. CSXT delivered railcar GATX 63223 to CSXT's Queensgate Yard in Cincinnati, OH on October 24, 2007.

14. It was CSXT's duty to Plaintiff to exercise ordinary care in its operations; to properly inspect and maintain the railcars it accepted for transportation; to properly inspect and maintain the railcars it placed in trains and transported on its line; and it was CSXT's duty to comply with the code of Federal Regulations 49 C.F.R Part 173-Shippers-General Requirements for Shipments and Packagings and 49 C.F.R Part 174 – Carriage by Rail.

15. CSXT, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

 a. In failing to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work;
 b. In failing to exercise ordinary care to use reasonably safe procedures in its operations;
 c. In failing to inspect, maintain and repair the railcars it accepted for transportation;
 d. In failing to inspect, maintain and repair the railcars it placed in its trains;
 e. In failing to inspect, maintain and repair railcars it transported on its lines;
 f. In allowing railcar GATX 63223 to be moved to its Queensgate Yard when it knew, or should have known, hydrochloric acid or some other hazardous material was being released from said railcar;

    g.    In failing to inspect railcar GATX 63223 before allowing Plaintiff and other employees to work with and around said railcar while it was on its property;

    h.    In failing to have given notice and warnings of the leaking or splashing of hazardous materials from railcar GATX 63223;

    i.    In requiring Plaintiff to work in an area where a railcar was leaking hydrochloric acid or some other hazardous material when it knew or should have known that exposing Plaintiff to such a car would expose him to injury;

    j.    In failing to comply with the Safety Appliance Act, 49 U.S.C.A. §20101 et seq.;

    k.    Otherwise carelessly and negligently failing to provide Plaintiff with a reasonably safe place to work.

16.    CSXT's negligence was a proximate cause of Plaintiff's alleged injuries.

17.    Plaintiff has filed a lawsuit against ICR seeking recovery for damages he allegedly incurred as a result of the alleged release of hydrochloric acid, or some other hazardous material, from railcar GATX 63223.

18.    To the extent that Plaintiff is entitled to recover damages in the action, ICR is entitled to contribution from CSXT.

WHEREFORE, ICR prays that to the extent that it is ordered to pay damages to Plaintiff CSXT be ordered to contribute to the payment of damages, based upon its relative fault, and to the satisfaction of any judgment with costs to be awarded as appropriate and that the Court award such further relief as the Court shall deem appropriate.

## COUNT II
### (Contribution Against Basic Chemical Solutions, LLC)

1-7.    ICR repeats and realleges paragraphs 1 through 7 as paragraph 1-7 of Count II as though fully set forth herein.

8.    On some date at or around October 19, 2007, Basic loaded railcar GATX 63223 with hydrochloric acid at its facility in Geismar, LA.

9.    ICR received railcar GATX 63223 from Basic in Geismar, LA on October 19, 2007.

10. ICR moved railcar GATX 63223 from Geismar, LA to Memphis, TN.

11. Railcar GATX 63223 was interchanged to CSXT in Memphis, TN on October 21, 2007.

12. CSXT received the railcar GATX 63223 from ICR on said date and moved railcar GATX 63223 from Memphis, TN to Cincinnati, OH.

13. CSXT delivered railcar GATX 63223 to CSXT's Queensgate Yard in Cincinnati, OH on October 24, 2007.

14. It was Basic's duty to Plaintiff and others to use reasonable care to load, inspect and repair railcar GATX 63223.

15. Basic, notwithstanding its duties to Plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to Plaintiff:

    a. In allowing a tank car to be transported when it knew, or should have known, hydrochloric acid or some other hazardous material was being released from the car;
    b. In failing to inspect said railcar before allowing it to be released for transport;
    c. In failing to properly inspect, repair and maintain said railcar;
    d. In failing to properly train its employees in safe and proper methods of loading railcars with hydrochloric acid;
    e. In failing to warn Plaintiff and other of the hazardous condition of said railcar.

16. Basic's negligence was a proximate cause of Plaintiff's alleged injuries.

17. Plaintiff has filed a lawsuit against ICR seeking recovery for damages he allegedly incurred as a result of the alleged release of hydrochloric acid, or some other hazardous material, from railcar GATX 63223.

18. To the extent that Plaintiff is entitled to recover damages in the action, ICR is entitled to contribution from Basic.

WHEREFORE, ICR prays that to the extent that it is ordered to pay damages to Plaintiff Basic be ordered to contribute to the payment of damages, based upon its relative fault, and to the satisfaction of any judgment with costs to be awarded as appropriate and that the Court award such further relief as the Court shall deem appropriate.

Respectfully submitted,

ILLINOIS CENTRAL RAILROAD COMPANY

By: _____
One of its Attorneys

Colleen Konicek
FLETCHER & SIPPEL, LLC
29 North Wacker Drive, Suite 920
Chicago, Illinois 60606
Telephone: (312) 252-1500